CrUSWEILER, J.
This is an action by plaintiff asking for an accounting and receiver against his former partner. The plaintiff claims that he and the defendant were partners since 'October 27th, 1917, engaged in the laundry business in Cincinnati, Ohio; that the *511 plaintiff contributed to tbe assets of tbe firm all its capital and tbe defendant contributed one horse, one set of harness, three wagons, two offices or laundry stations, including certain routes, etc. The plaintiff claims that there are differences existing between himself and the defendant and that the firm assets are being dissipated to the damage of firm creditors; that the firm is insolvent and that creditors are pressing the firm for payment of their claims, and that unless a receiver was appointed the plaintiff and firm creditors would suffer irreparable damages. The plaintiff then aslcs that the partnership be dissolved; that a receiver be appointed to take charge of the firm assets and pay the firm debts, and for an accounting against the defendant as plaintiff’s partner.
The motion and affidavit of the defendant indicate that the defendant and plaintiff entered into a written contract of dissolution of their former partnership on February 12, 1918, a week prior to the filing of the petition herein; that by virtue of said contract of dissolution he and the plaintiff are no longer partners; that defendant is a married man, the head of a family dependent upon him for support, and that he claims the former partnership assets which he took as his share on dissolution as exempt, from execution in lieu of his homestead.
Plaintiff contends that while the contract of dissolution is valid as to the firm assets, there being no provision therein for the payment of firm debts, it does not in law constitute a valid dissolution of the partnership.
On the hearing of the case on its merits we find that this action is solely between plaintiff and defendant, two former partners; no creditors of the firm being parties to this suit. We find that the written contract of dissolution between plaintiff and defendant under date of .February 12th, 1918, one week prior to the filing of this suit, reading as follows:
“Cincinnati, Ohio, Feb. 12, 1918.
“For value received W. B. Burk hereby sells and assigns to H. F. Lucke, Jr., all of his right, title and interest .in the partnership of the Cut Rate Laundry at 1902 Colerain avenue, Cincinnati, Ohio, including ,all the assets of said partnership — the *512 Cut Rate Laundry; except as follows: one horse, harness, three wagons, two offices (Nos. 921 Elm St. and 1316 Central Ave.) and all of the work going through these two offices, including the routes for the same, in which said li. F. Lucke, Jr., hereby sells and .assigns all of his right, title and interest to said W. B. Burk.
“¥m. B. Burk,
“IT. F. Lucke, Jr.
“Attest:
“William Shepard.”
in which plaintiff and defendant agreed to distribute the firm assets although they made no mention of the disposition of the firm debts, constitutes a valid partnership dissolution. We find that by virtue of said partnership dissolution the respective firm assets taken by plaintiff .and defendant- have -become and are now his separate property and estate. We find that the defendant is a married man, the head of a family dependent upon him for support and that defendant is entitled to set up his statutory claim in lieu of a homestead as against this plaintiff as well as against any other creditor, whether partnership creditor or individual creditor, on execution against the property given to defendant out of the firm assets under said partnership dissolution contract. In the instant case no creditors are involved, no firm property has been seized in execution by partnership creditors as occurred in Gaylord, Son & Co. v. M. Imhoff & Co., 26 O. S., 117. Were this the case and the firm creditors had levied on said firm assets or an assignment had been made of the firm assets to an assignee, etc., as in Aultman, Miller & Co. et al v. Wilson, Assignee, 55 O. S., 138, then the partners could not in law set up a claim for exemptions against firm creditors.
We are inclined to follow Mortley v. Flanagan, 38 O. S., 401, a case directly in point. In the instant case the former partners having dissolved their relations as partners, and having divided the firm assets between themselves, said assets have now become the separate estate and property of each partner.
It follows therefore that plaintiff is not entitled to the relief prayed for in his petition. The receivership appointment will be set aside and plaintiff’s petition dismissed.